UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ROBERT BAILEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>Defendants. | No. 2:24-cv-02420-DC-DMC<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND REMANDING THIS ACTION TO THE TEHAMA COUNTY SUPERIOR COURT<br><br>(Doc. No. 10) |

This matter is before the court on the motion to remand this case to the Tehama County Superior Court filed by Plaintiffs Brian Robert Bailey and Kathryn Lynn Philippe. (Doc. No. 10-1.) The pending motion was taken under submission to be decided on the papers pursuant to Local Rule 230(g). (Doc. No. 15.) For the reasons explained below, Plaintiffs' motion to remand will be granted.

**BACKGROUND**

On July 12, 2024, Plaintiffs filed this "lemon law" action against Defendant Ford Motor Company ("Ford") and Does 1 through 10, in Tehama County Superior Court. (Doc. No. 1-2 at 2.) In their complaint, Plaintiffs allege they purchased a 2022 Ford F-250 on June 7, 2022, and as part of that lease, Ford issued a written warranty under which Ford agreed to "maintain the utility or performance of plaintiff's vehicle" or provide compensation for the vehicle's nonconformities. (*Id.* at ¶¶ 6, 10.) Plaintiffs further allege that after they took possession of the vehicle, it had or

1    developed several defects, including defective braking and engine systems. (*Id.* at ¶¶ 11–12.)
2    According to the complaint, Defendant failed to repair, replace, or make restitution for the
3    vehicle's defects. (*Id.* at ¶¶ 14–15.)
4        Based on these allegations, Plaintiffs bring five claims under California's Song-Beverly
5    Consumer Warranty Act for: (1) violation of California Civil Code § 1793.2(d); (2) violation of
6    California Civil Code § 1793.2(b); (3) violation of California Civil Code § 1793.2(a)(3); (4)
7    breach of express written warranty in violation of California Civil Code §§ 1791.2(a), 1794; and
8    (5) breach of implied warranty of merchantability in violation of California Civil Code §§ 1791.1,
9    1794. (Doc. 1-2 at 4–8.).
10   Defendant Ford timely filed its notice of removal on September 5, 2024, asserting that this
11   court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C.
12   §§ 1332, 1441(a), and 1446. (Doc. No. 1 at 1.) Shortly thereafter, on September 17, 2024,
13   Plaintiffs filed their operative first amended complaint ("FAC") as a matter of course pursuant to
14   Federal Rule of Civil Procedure 15(a)(1)(B). (Doc. No. 5.) Therein, Plaintiffs assert that same
15   claims and continue to name Defendant Ford and Doe defendants, but they also name Defendant
16   Corning Ford, Inc. ("Corning") for the first time. (*Id.*) The only claim Plaintiffs bring against
17   Defendant Corning is their fifth claim of breach of implied warranty of merchantability in
18   violation of California Civil Code §§ 1791.1, 1794. (*Id.* at ¶¶ 39–43.)
19   On October 2, 2024, Plaintiffs filed the pending motion to remand this action back to the
20   Tehama County Superior Court, on the grounds that the joinder of Defendant Corning renders the
21   parties non-diverse, and that Defendant Ford has not met its burden in demonstrating that the
22   amount in controversy exceeds $75,000 as required for diversity jurisdiction. (Doc. Nos. 10; 10-1
23   at 5, 7.) Defendant Ford filed its opposition to the pending motion on October 17, 2024, and
24   Plaintiffs filed their reply thereto on October 22, 2024. (Doc. Nos. 16, 17.)
25       **LEGAL STANDARD**
26   **A.    Removal Jurisdiction**
27   "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of*
28   *America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to

federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hamsen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 4, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

**B.     Fraudulent Joinder**

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare,* 889 F.3d at 548 (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). There are two ways to show fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal citations omitted). In

most cases, the determination as to fraudulent joinder turns on whether the plaintiff can "state a reasonable or colorable claim for relief under the applicable substantive law against the party whose presence in the action would destroy the district court's subject matter jurisdiction." *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (citation omitted).

However, the party opposing remand bears a "heavy burden" of proving fraudulent joinder. *Hunter*, 582 F.3d at 1044. "Fraudulent joinder must be proven by clear and convincing evidence," and courts must resolve all disputed questions of fact in favor of the plaintiff. *Hamilton Materials, Inc.* v. *Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Courts may consider summary judgment-type evidence in making their determination. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001). Further, "[r]emand must be granted unless the defendant establishes that plaintiff could not amend her pleadings to cure the purported deficiency." *Reyes v. FCA US LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *2 (E.D. Cal. Dec. 8, 2020) (citing *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)).

**C.      Joinder of a Non-Diverse Defendant After Removal**

Ordinarily, under Rule 15, a party may amend a pleading once as a matter of course within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Pursuant to the removal statutes, however, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

While there is some disagreement among district courts in the Ninth Circuit as to whether an amendment of claims that destroys diversity should be analyzed under 28 U.S.C. § 1447(e) or the more permissive Rule 15(a), a clear majority of courts look to 28 U.S.C. § 1447(e). *See Sabag v. FCA US, LLC*, No. 16-cv-6639-CAS, 2016 WL 6581154, at *3 (C.D. Cal. Nov. 7, 2016) ("Having considered [] conflicting authorities, the Court adopts the approach of the line of cases applying Section 1447(e) to scrutinize the propriety of a diversity-destroying amendment pursuant to Rule 15(a)"); *Reyes*, 2020 WL 7224286, at *3, n.1 ("This court joins the majority of district courts in the Ninth Circuit in choosing to 'analyze joinder or amendment of claims to add

a non-diverse defendant under § 1447(e) as opposed to Rule 15(a)(1)'s amendment as-of-right standard.'") (quoting *Martinez v. FCA US LLC*, No. 2:19-cv-08097-SVW, 2020 WL 223608, at *2 (C.D. Cal. Jan. 15, 2020)); *Viveros v. Ford Motor Co.*, No. 21-cv-527-TWR-BGS, 2021 WL 5989365, at *3 (S.D. Cal. July 28, 2021) (same). This court joins the majority of district courts in the Ninth Circuit and will likewise "scrutinize[] the plaintiff's purposes for amendment under section 1447(e)." *Velasco v. Ford Motor Co.*, No. 22-cv-366-MMA-DEB, 2022 WL 2287258, at *2 (S.D. Cal. June 24, 2022).

Under 28 U.S.C. § 1447(e), district courts have discretion to decide whether to allow joinder of a "diversity destroying defendant." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Courts consider the following factors when determining whether to allow joinder of a non-diverse defendant after removal:

> whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Reyes*, 2020 WL 7224286, at *3 (quoting *Sabag*, 2016 WL 6581154, at *4 (citation omitted)). No single factor is a precondition for allowing joinder, however, one factor may prove to be decisive. *Sabag*, 2016 WL 6581154, at *4 (internal citations omitted).

## ANALYSIS

Plaintiffs seeks remand of this action to the Tehama County Superior Court on the grounds that their proper joinder of Defendant Corning in the first amended complaint destroys diversity of citizenship between the parties. (Doc. No. 10-1 at 5.) To determine whether Defendant Corning has been properly joined, the court will address the factors courts consider when determining whether to allow joinder of a non-diverse defendant after removal. For the reasons explained below, the court finds that on balance, consideration of those factors weigh

/////

/////

in favor of allowing Plaintiffs to join Corning as a defendant in this matter.[1]

**A.    Need for Joinder under Rule 19(a)**

While courts consider the Rule 19(a) standard in deciding whether to permit joinder, it is more restrictive than the standard proscribed by § 1447(e). *Eguilos v. Volkswagen Grp. of Am., Inc.*, No. 2:22-cv-00614-KJM-KJN, 2022 WL 2713273, at *2 (E.D. Cal. July 13, 2022) (citing *Reyes*, 2020 WL 7224286, at *4). Joinder of a party may be necessary under Rule 19(a) when: (1) "in his absence, the court cannot accord complete relief among the parties;" (2) "he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest;" and (3) resolution of the action in their absence "may leave an existing party subject to inconsistent obligations because of that interest." Fed. R. Civ. P. 19(a)(1)(A)–(B)(ii). In contrast, the standard under § 1447(e) is met when "joinder will prevent separate and redundant actions." *Eguilos*, 2022 WL 2713273, at *2 (citing *Taylor v. Honeywell Corp.*, No. 09-4947, 2010 WL 1881459, at *2 (N.D. Cal. May 10, 2010)).

Here, Defendant Ford argues that Defendant Corning is not a necessary party under Rule 19(a) because complete relief is available against Defendant Ford, and that is why Plaintiffs did not bring a claim against Corning from the outset. (Doc. No. 16 at 9.) However, as Plaintiffs argue in their reply brief, joinder of Defendant Corning is necessary because their claims for relief against Defendants Corning and Ford involve the same vehicle, the same alleged failures to repair the vehicle, and the same alleged warranty obligations. (Doc. No. 17 at 5.) The court agrees. *See Viveros*, 2021 WL 5989365, at *4 (finding defendant dealership necessary for adjudication where breach of warranty claims against the manufacturer and dealership concerned the same vehicle, defects, and repairs). As a result, failure to join Defendant Corning would result in duplicative actions that concern the same vehicle and "will require many of the same documents and witnesses and will implicate many of the same factual and legal issues." *Avellanet*

---

[1] Plaintiffs also argued in their motion to remand that Defendant Ford did not meet its burden in demonstrating that the amount in controversy exceeds $75,000. (Doc. No. 10-1 at 7.) However, the court need not address whether the amount in controversy is met for purposes of diversity jurisdiction because the joinder of Defendant Corning, a California citizen, destroys diversity of citizenship and divests this court of jurisdiction. (Doc. No. 10-1 at 8.)

*v. FCA US LLC*, No. 19-cv-7621-JFW-KSX, 2019 WL 5448199, at *1 (C.D. Cal. Oct. 24, 2019); *see also Reyes*, 2020 WL 7224286, at *5 (finding car dealership a necessary party where claim against existing defendant manufacturer involved the same vehicle and alleged failures to repair the vehicle); *Malijen v. Ford Motor Co.*, No. 20-cv-1217-JGB-KKX, 2020 WL 5934298, at *2 (C.D. Cal. Aug. 20, 2020) (finding that failure to join proposed defendant would result in redundant actions because plaintiff's claims for relief against proposed and existing defendants concerned the same allegedly defective vehicle). Further, "regardless of who Plaintiff[s] could ultimately recover from," Plaintiffs allege an "independent cause of action" against Defendant Corning that would result in redundancy if Plaintiffs were forced to litigate it apart from their claims against Defendant Ford. *See Malijen*, 2020 WL 5934298, at *2 (citation omitted).

Therefore, consideration of this factor weighs in favor of permitting the joinder of Defendant Corning to this action.

**B.     Timeliness of Joinder**

Courts consider whether the amendment to add a non-diverse party was completed in a timely manner. *Reyes*, 2020 WL 7224286, at *5; *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). Courts also consider the procedural stage of the case and the length of time between the original complaint and the amended complaint. *Reyes*, 2020 WL 7224286, at *5. However, the court may also deny joinder when the non-diverse defendant's identity was readily determinable and could have been named in the original complaint. *Crippen v. Int'l Paper Co.*, No. 223-cv-01107-DAD-CKD, 2024 WL 1181367, at *5 (E.D. Cal. Mar. 19, 2024) (plaintiff's failure to explain delay in naming non-diverse defendant despite knowing his identity prior to filing the first complaint weighed against joinder).

Here, Plaintiffs filed the first amended complaint within three months (67 days) of the filing of their original complaint and less than two weeks (12 days) after service of Defendant Ford's answer and notice of removal, which falls within the 21-day window provided by Rule 15(a) and does not constitute an unreasonable delay. *See Eguilos*, 2022 WL 2713273, at *3 (motion to amend filed three months after initial complaint and one month after removal favors allowing amendment); *Reyes*, 2020 WL 7224286, at *6 (motion to amend filed within three

months of original complaint and one month after notice of removal not unreasonable); *Lara v. Bandit Indus., Inc.*, No. 2:12-cv-02459-MCE-AC, 2013 WL 1155523, at *3 (E.D. Cal. Mar. 19, 2013) (motion to amend filed five months after initial complaint and three months after removal is not unreasonable); *Clinco*, 41 F. Supp. 2d at 1083 (six-week delay between complaint and attempted amendment not unreasonable). As Plaintiffs noted, neither party has filed dispositive motions or undertaken extensive discovery, which also supports a finding that there was no unreasonable delay. *See Lara*, 2013 WL 1155523, at *3 (finding no undue delay where parties had not filed dispositive motions nor completed substantial discovery).

However, as Defendant Ford points out in its opposition, Plaintiffs were likely aware of the dealership they purchased the vehicle from and the identities of the repair facilities that worked on the vehicle given the nature of this action. (Doc. No. 16 at 10.) Plaintiffs do not provide an explanation for their delay in joining Defendant Corning, the dealership they allegedly purchased the vehicle from, to this action. Plaintiffs' failure to explain the delay weighs against allowing joinder. *See Crippen*, 2024 WL 1181367, at *5 (finding plaintiff's failure to provide reasonable justification for her delay in seeking to join defendant despite knowing of his identity from the outset weighed against allowing joinder); *Maldonado v. City of Oakland*, 01-cv-01970-MEJ, 2002 WL 826801, at *6 (N.D. Cal. Apr. 29, 2002) (denying motion to amend where plaintiffs failed to explain their delay in joining parties whose identities they knew of eight months prior to the inception of the case).

The court finds that the minimal delay in filing the first amended complaint weighs in favor of permitting joinder, but Plaintiffs' failure to explain the reason for this delay in naming Defendant Corning weighs against permitting joinder. Therefore, consideration of this factor is neutral.

**C.     Whether Joinder is Intended to Solely Defeat Jurisdiction**

A plaintiff's motive in seeking to join a non-diverse party after removal is a pertinent consideration in a district court's decision to permit or deny joinder. *Viveros*, 2021 WL 5989365, at *6. However, the court is not required to automatically impute an improper motive to plaintiffs seeking to join defendants that would destroy diversity because § 1447(e) gives courts greater

discretion in dealing with this type of scenario. *IBC Aviation Servs., Inc. v. Campania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000) (citing *Trotman v. United Parcel Serv.*, No. 96-cv-1168-VRW, 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996) ("The legislative history to § 1447(e) also suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion.")). Indeed, courts have allowed joinder in the post-removal context when the plaintiff's claim is facially valid, even when the circumstances otherwise suggest a motive to destroy diversity jurisdiction. *See Reyes*, 2020 WL 7224286, at *7 (allowing joinder despite substantial similarities between initial complaint and proposed amended complaint where plaintiff alleged a facially valid claim against proposed defendant); *Lara*, 2013 WL 1155523, at *4 (allowing joinder and declining to find improper motive even though plaintiff sought to add a non-diverse defendant after removal).

The fourth factor of plaintiff's motive and the fifth factor of the facial validity of the plaintiff's claim against the non-diverse defendant are "intertwined" in the § 1447(e) analysis. *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014). The "strength of the claims against the proposed new [d]efendants bears directly on whether joinder is sought solely to divest" the court of diversity jurisdiction. *Id*.

Here, Defendant Ford suggests the filing of the first amended complaint shortly after it removed this action to federal court coupled with Plaintiffs' failure to identify any damages for their claim against Defendant Corning suggests the only purpose of the amendment is to destroy diversity jurisdiction. (Doc. No. 16 at 11–12.) Plaintiffs argue in reply that Defendant Ford has not carried the "heavy burden of persuasion" in (1) demonstrating that Defendant Corning has been fraudulently joined; (2) that Plaintiffs insufficiently plead the implied warranty of merchantability claim against Defendant Corning; and (3) that Plaintiffs could not amend their complaint to correct any deficiency. (Doc. No. 17 at 9–10.)

Based on the timing of Plaintiffs' first amended complaint and the similarity between the two complaints, it appears that Plaintiffs were motivated, at least in part, by a desire to destroy diversity. *See Sabag*, 2016 WL 6581154, at *5 (noting that some courts infer improper motive

1  where the proposed amended complaint is substantially similar to the original complaint).
2  However, the court "does not construe Plaintiffs' preference for state court any more negatively
3  than Defendants' preference for federal court." *Lara*, 2013 WL 1155523, at *4 (citing *Taylor*,
4  2010 WL 1881459, at *3). Despite the similarities between the original complaint and first
5  amended complaint, the court finds that Plaintiffs' joinder of Defendant Corning is not for the
6  sole purpose of destroying diversity, especially because in considering the fifth factor below, the
7  court concludes that Plaintiffs' claim against Corning is "facially legitimate." *See McGrath*, 298
8  F.R.D. at 608; *Sabag*, 2016 WL 6581154, at *5 (finding plaintiff's motive in amending complaint
9  not solely for the purpose of destroying diversity where the claim against new defendant was
10 facially legitimate).

11     Therefore, consideration of this factor weighs slightly in favor of permitting the joinder of
12 Corning to this action.

13 **D.     Validity of Plaintiff's Claim against Non-Diverse Defendant**

14     "The existence of a facially legitimate claim against the putative defendant weighs in
15 favor of permitting joinder under § 1447(e)." *Sabag*, 2016 WL 6581154, at *6 (quoting Taylor,
16 2010 WL 1881459, at *3). The court only needs to decide if the claim seems to be valid and not
17 whether the claim could "be defeated by a motion to dismiss" or whether "[p]laintiff can prevail
18 on the merits." *Freeman v. Cardinal Health Pharm. Servs., LLC*, No. 2:14-cv-01994-JAM-KJN,
19 2015 WL 2006183, *3 (E.D. Cal. 2015) (rejecting the notion that the standard under § 1447(e) is
20 the same as the standard under a motion to dismiss or a motion for summary judgment). A claim
21 does not have to be alleged with particularity or plausibility, rather, it only needs to "seem" valid
22 to meet the standard set forth by § 1447(e). *Dordoni v. FCA US LLC*, No. 20-cv-1475-JGB-SHK,
23 2020 WL 6082132, at *5 (C.D. Cal. Oct. 15, 2020).

24     In determining whether Plaintiffs' claim appears valid, the "question is whether California
25 law obviously forecloses plaintiffs' claim." *Millican v. Ford Motor Co.*, No. 19-cv-05348-WHA,
26 2019 WL 7020214, at *2 (N.D. Cal. Dec. 20, 2019) (joinder of defendant was proper even though
27 plaintiffs' claims may not have survived a motion to dismiss or prevailed on the merits). Notably,
28 Defendant Ford does not assert that car dealerships are not subject to implied warranty

1    obligations. Indeed, dealerships have been sued and found liable for breach of warranty under the
2    Song-Beverly Act. *See Sabag*, 2016 WL 6581154, at *6 (citing *Jones v. Credit Auto Ctr., Inc.*,
3    237 Cal. App. 4th Supp. 1, 4 (2015) (holding that dealership breached implied warranty of
4    merchantability when latent defect was discovered within three months of sale of vehicle);
5    *Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1158 (1997) (plaintiff allowed to recover
6    against defendant dealership under the Song-Beverly Act)).

7        Plaintiffs allege in their first amended complaint that Defendant Corning violated the
8    Song-Beverly Act by failing to comply with their obligations under the implied warranty of
9    merchantability that accompanied the sale of the vehicle. (Doc. No. 5 at ¶¶ 40–43.) Defendant
10   Ford argues Corning is not necessary to resolving this action and Plaintiffs make no attempt to
11   state facts or include any details to support their contention that Defendant Corning had
12   knowledge of defects at the time of the sale. (Doc. No. 16 at 12.) However, as Plaintiffs
13   emphasize in their reply brief, Defendant Ford makes no showing that any insufficiency with
14   Plaintiffs' pleading could not be remedied by amendment and any doubts regarding the validity of
15   Plaintiffs' claim against Defendant Corning should be resolved in favor of remand. (Doc. No. 17
16   at 8–9). The court agrees any such purported deficiencies appear to be curable by amendment. *See*
17   *Reyes*, 2020 WL 7224286, at *9 (noting that though plaintiff's complaint could be dismissed
18   under Rule 12(b)(6), the deficiencies could be "cured by amendment").

19       For these reasons, Defendant Ford has not shown that Plaintiffs do not have a facially
20   valid claim against Defendant Corning. Thus, consideration of this factor weights in favor of
21   permitting joinder of Defendant Corning to this action.

22   **E.**    **Whether the Statute of Limitations Would Preclude a New Action in State Court**

23       "When a claim is timely filed in state court and then removed, a finding that the statute of
24   limitations would preclude the filing of a new, separate action against a party whose joinder has
25   been denied in the federal proceeding, may warrant remand." *Dordoni*, 2020 WL 6082132, at *4
26   (citation omitted). The statute of limitations for breach of warranty claims under the Song-
27   Beverly Act is four years. *Sabag*, 2016 WL 6581154, at *5 (citing *Mexia v. Rinker Boat Co.*, 174
28   Cal. App. 4th 1297, 1306 (2009) ("[T]he statute of limitations for an action for breach of warranty

11

1 under the Song-Beverly Act is four years pursuant to section 2725 of the Uniform Commercial
2 Code.")).

3 Here, Plaintiffs concede that a new action against Defendant Corning in state court would
4 not be time-barred. (Doc. No. 17 at 6.) Indeed, because Plaintiffs purchased the vehicle on June 7,
5 2022, at a minimum, they have until June 2026 to bring an action against Defendant Corning.
6 (Doc. No. 1-2 at ¶ 6.). Accordingly, consideration of this factor weighs against permitting the
7 joinder of Defendant Corning to this action.

**F.     Prejudice to Plaintiff**

Lastly, courts consider any prejudice to the plaintiff. If a proposed defendant is "crucial" to the action and complete relief cannot be afforded without the defendant, a plaintiff will be prejudiced by their absence. *Eguilos*, 2022 WL 2713273, at *5 (citing *Reyes*, 2020 WL 7224286, at *10). Further, it is in the economic benefit of the parties and judicial system to allow plaintiffs to pursue claims against parties sought to be joined in an action when the claims arise out of the same factual circumstances. *Reyes*, 2020 WL 7224286, at *10.

Defendant Ford argues that Plaintiffs will not be prejudiced by denial of joinder because Plaintiffs can bring a separate action against Defendant Corning in state superior court and can obtain complete relief from Defendant Ford in this action. (Doc. No. 16 at 13.) While that may be true, the court agrees with Plaintiffs that it is in the economic benefit to all parties and the judicial system to avoid such redundant litigation in state and federal court. (Doc. No. 17 at 9); *see Reyes*, 2020 WL 7224286, at *10 (finding that this factor of prejudice to the plaintiff weighed in favor of permitting joinder where plaintiff's claims against both defendants "arose out of the same transaction or occurrence" and if denied, plaintiff would have to proceed with a separate action in state court); *Lara*, 2013 WL 1155523, at *5 (explaining that denying joinder would prejudice plaintiff who would have to proceed with a separate action in state court or choose to not pursue a potentially viable claim).

Therefore, consideration of this factor weighs in favor of permitting the joinder of Defendant Corning to this action.

/////

**G.      Balancing of the Factors**

In sum, the court finds that four out of the six factors under § 1447(e) weigh in favor of remand, while one factor weighs against remand and one factor is neutral. After balancing these factors and considering the strong presumption against removal jurisdiction, this court concludes that Plaintiffs' joinder of Defendant Corning was proper and will therefore permit joinder of Defendant Corning to this action. Consequently, there is no longer complete diversity of citizenship because Plaintiffs and Defendant Corning are citizens of California. (Doc. No. 5 at ¶ 5.) Accordingly, the court no longer has jurisdiction over this action and must grant Plaintiffs' motion to remand.

## CONCLUSION

For the reasons explained above:

1. Plaintiffs' motion to remand this action to the Tehama County Superior Court (Doc. No. 10) is granted;
2. This action is remanded to the Tehama County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **November 12, 2024**

Dena Coggins
United States District Judge

13